# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FELIX ALBERT LEBRON YERO,<br><br>**Plaintiff**,<br><br>v.<br><br>FILIBERTO LEBRON RODRIGUEZ; MARIA ELENA LEBRON RODRIGUEZ and her husband JOHN DOE, each one of them personally and in representation of their conjugal partnership; ANICRUZ LEBRON RODRIGUEZ and her husband JOHN ROE, each of them personally and in representation of their conjugal partnership; ANA MARIA RODRIGUEZ DE LEBRON; JOHN DOES 1,2, and 3; CORPORATIONS A through Z; UNKNOWN INSURANCE COMPANIES A through H<br><br>**Defendants** | **CIVIL NO.** 18-1665 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is codefendants' Filiberto Lebrón-Rodríguez, María Elena Lebrón-Rodríguez and Anicruz Lebrón-Rodríguez (collectively the "Codefendants") *Motion to Dismiss* (Docket No. 15) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Having reviewed the parties' submissions, the court **GRANTS** Codefendants' *Motion to Dismiss*. The claims in Counts I-III of the Complaint are dismissed for lack of subject-

matter jurisdiction under the "probate exception". The claims in Count IV of the Complaint for tortious interference with the testator's intent, fraud and unjust enrichment are dismissed for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

On May 27, 2018, Mr. Felix Alberto Lebrón-Saldaña (the "Decedent") passed away. (Docket No. 1 ¶ 11). The Decedent was the husband of co-defendant Ana María Rodríguez and father of plaintiff Félix Albert Lebrón-Yero and co-defendants Filiberto Lebrón-Rodríguez, María Elena Lebrón-Rodríguez and Anicruz Lebrón-Rodríguez. Id.

On September 7, 2018, plaintiff Félix Albert Lebrón-Yero ("Plaintiff") filed a *Complaint* against his stepmother and half-siblings alleging that Defendants had fraudulently appropriated the Decedent's assets and deprived Plaintiff of his right to inherit one-sixth of the estate. (Id. ¶¶ 14, 17-18). Consequently, Plaintiff requests that this Court:

(1) Order Defendants to "render a complete accounting of the assets, accounts, transactions, income, expenses" of the Decedent's property from the time they came into possession of assets to the present;

(2) Order the "proportionate restitution of all assets, income, monies, properties and securities 'sold,' borrowed, unpaid or diverted" to Defendants from the estate;

(3) "**Appoint a receiver to administer and take possession**" of the Decedent's assets and estate, "conduct an inventory from 2012 to present, and subsequently divide and distribute it among the heirs after accounting and collating" any gift that does not conform to the will; and

(4) "Find that Defendants tortuously interfered" with the intent of the Decedent's will or "conspired to defraud Plaintiff of his rightful inheritance."

(Id. at 6-7).

On November 8, 2018, Codefendants filed a *Motion to Dismiss the Complaint* contending that (1) this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) due to probate exception principles and (2) that Plaintiff failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 15). On the same day, co-defendant Ana María Rodríguez filed a separate *Motion to Dismiss the Complaint* on the same grounds as the other Codefendants. (Docket No. 17).

In response, Plaintiff filed an *Opposition to Motion to Dismiss Complaint* on December 5, 2018. (Docket No. 24). Plaintiff posits that federal jurisdiction exists because he is not asking the Court to assume *in rem* jurisdiction over property that is in the custody of a state probate court. Id. ¶¶ 13-15.

## II.   LEGAL STANDARD

**A. Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)**

"[F]ederal courts are courts of limited jurisdiction, limited to deciding certain cases and controversies." Belsito Commc'ns, Inc. v. Decker, 845 F.3d 13, 21 (1st Cir. 2016). The "party asserting jurisdiction has the burden of demonstrating its existence." Fina Air Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008). Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. There are two ways by which a defendant may challenge the existence of subject matter jurisdiction: a "facial attack" or a "factual attack." Fina Air Inc., 555 F. Supp. 2d at 323.

"In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction." Compagnie Mar. Marfret v. San Juan Bay Pilots Corp., 532 F. Supp. 2d 369, 373 (D.P.R. 2008) (quotation omitted). The court must take all the allegations in the complaint as true and determine if the plaintiff sufficiently evinced a basis of subject matter jurisdiction. *See* Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007).

On the other hand, "a factual attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Compagnie Mar. Marfret, 532 F. Supp. 2d at 373 (quotations omitted). Therefore, when facing a factual attack, the court is "not confined to the allegations in the complaint and 'can look

beyond the pleadings to decide factual matters relating to jurisdiction.'" Rivera Torres v. Junta de Retiro Para Maestros, 502 F. Supp. 2d 242, 247 n. 3 (D.P.R. 2007) (quoting Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2000)).

**B. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Ruling on a Rule 12(b)(6) motion, requires determining whether "*all* the facts alleged [in the complaint], when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011). It also requires treating "**any non-conclusory factual allegations in the complaint as true**." Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013) (emphasis added). Courts may also consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55–56 (1st Cir. 2012) (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n. 2 (1st Cir.2005)).

## III. ANALYSIS

**A. The Applicability of the Probate Exception**

Codefendants do not dispute that diversity jurisdiction exists. Instead, they allege that the "probate exception" bars this Court from exercising jurisdiction over the present case. The probate exception is a longstanding, judicially-created limitation on federal jurisdiction rooted in interpretation of English legal history. *See* Marshall v. Marshall, 547 U.S. 293, 299, (2006). Probate is the "judicial procedure by which a testamentary document is established to be a valid will." *See* Probate, Black's Law Dictionary (11th ed. 2019).

The probate exception to diversity jurisdiction dictates that "a federal court may not **probate a will, administer an estate, or entertain an action that would interfere with pending probate proceedings in a state court** or with a state court's control of property in its custody." Mangieri v. Mangieri, 226 F.3d 1, 2 (1st Cir. 2000) (emphasis added) (quoting Ashton v. Josephine Bay Paul & C. Michael Paul Found., Inc., 918 F.2d 1065, 1071 (2d Cir. 1990)). Pursuant to this exception, **federal courts of equity** retain jurisdiction to entertain suits in favor of creditors, legatees, heirs and other claimants against a decedent's estate to establish their claims **so long as the federal court does not assume general jurisdiction of the probate** or interfere with the probate proceedings in state court. *See* Markham v. Allen, 326 U.S. 490,

494 (1946). *See also* Lefkowitz v. Bank of New York, 528 F.3d 102, 106 (2d Cir. 2007) ("[A] federal court should decline subject-matter jurisdiction only if a plaintiff seeks to achieve **either** of these ends in federal court.").

In Marshall, the Supreme Court noted that lower federal courts were over utilizing this exception and improperly "block[ing] federal jurisdiction over a range of matters well beyond probate of a will or administration of a decedent's estate." Marshall, 547 U.S. at 311. Thus, the Marshall Court clarified that:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Id. at 311-12.

Determining whether the probate exception applies to a case requires a "two-part inquiry: first, whether the action requires the probate or annulment of a will or the administration of a decedent's estate; and second, whether the action requires the court to dispose of property that is in the custody of a state probate court." Marcus v. Quattrocchi, 715 F. Supp. 2d 524, 532 (S.D.N.Y. 2010) (internal quotations and brackets omitted). Furthermore, when ascertaining whether the probate exception also

applies to an issue that is ancillary[1] to a core probate matter, courts must "look to the policies animating the exception, including consistency of legal decisions within a state court system, judicial economy, and the relative expertise of state judges as specialists in probate issues." Sykes v. Cook Cty. Circuit Court Prob. Div., 837 F.3d 736, 741 (7th Cir. 2016).

According to the submissions on the record, there are no ongoing parallel probate proceedings in the Puerto Rico courts. (Docket No. 24 ¶ 14). This means that there is no risk of disposing of property in the custody of a commonwealth probate court and the Court need only conduct the first part of the inquiry: analyze each count, and inquire whether it requires the **probate or annulment of a will** or the **administration of a decedent's estate**. See Marcus, 715 F. Supp. 2d at 532.

Plaintiff's claims in Counts I to III of the Complaint *fall within the scope* of the probate exception because they would entail determining the validity of the will and administering estate property. First, granting Plaintiff's request for "a complete accounting of the assets, accounts, transactions, income [and] expenses" of the Decedent's property (Docket No. 1 at 4-7) would entail "prematurely enter[ing] into an accounting and assessment

---

[1] "[A]n 'ancillary suit' is one that 'grows out of and is auxiliary to another suit and is filed to aid the primary suit.'" Rein v. Socialist People's Libyan Arab Jamahiriya, 232 F. App'x 61, 63 (2d Cir. 2007) (quoting Black's Law Dictionary 1475 (Bryan A. Garner ed., 8th ed. 2004)).

before the local probate court has had an opportunity to rule on these very matters." Junco Mulet v. Junco De La Fuente, 228 F. Supp. 2d 12, 16 (D.P.R. 2002). This would constitute improperly assuming general probate jurisdiction. *See* Markham, 326 U.S. at 494. Moreover, the general rule is that "[a]n accounting can only be had in the probate court having jurisdiction over the matter." Bortz v. DeGolyer, 904 F. Supp. 680, 684 (S.D. Ohio 1995) (citing Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 45 (1909)). *See also*, Ellis v. Stevens, 37 F.Supp. 488, 491 (D. Mass. 1941), *affd.,* 126 F.2d 263 (1st Cir. 1942) ("The long established rule is that an accounting by an administrator, or executor, is exclusively a matter for the probate court having jurisdiction over the estate.")

Second, Plaintiff requests that the Court "[o]rder from Defendants the proportionate restitution of all assets, income, monies, properties and securities 'sold,' borrowed, unpaid or diverted to them from the estate." (Docket No. 1 at 7). Although increasing an estate **through assets not currently in it** does not fall within the probate exception, "**reallocate[ing] the estate's assets among contending claimants**" does. Gustafson v. zumBrunnen, 546 F.3d 398, 400 (7th Cir. 2008). Comparing Plaintiff's request with the one contemplated by the First Circuit in Jimenez v. Rodriguez-Pagan is worthwhile. *See* Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 24 (1st Cir. 2010). The decedent in Jimenez was entitled

to eighteen percent (18%) of the proceeds of the sale of an apartment complex. Id. at 22. After it was sold, the decedent's widow filed a suit against the stockholders of the complex, **none of whom were heirs**, claiming she was entitled to half of her late husband's share. Id. The First Circuit concluded that that "neither the money nor the apartment [were] yet part of the decedent's estate." Id. at 24. Therefore, it held that although "**divvying up an estate falls squarely within the probate exception, merely increasing it does not.**" Id.

However, in the case at bar, Plaintiff requests that **the Decedent's heirs return property that should belong to the estate**. (Docket No. 1 ¶ 25). Unlike the controversy in Jimenez, this is a purely probate matter that would require this Court to validate the will as well as oversee and administer property of the estate. The absence of a state probate proceeding is **irrelevant** here. As discussed above, federal courts **are prohibited from assuming general jurisdiction of the probate**. See Markham, 326 U.S. at 494.

Third, the probate exception clearly applies to Plaintiff's request that the Court "[a]ppoint a receiver to **administer and take possession of the assets and the estate**." (Docket No. 1 at 7). Plaintiff explicitly asks that the court **administer the estate** through a receiver, which is expressly prohibited by the probate exception. See Mangieri, 226 F.3d at 2 ("[A] federal court may not […] administer an estate").

Lastly, Plaintiff's purported claims in Count IV of the Complaint **do not** fall within the scope of the probate exception. These claims are for tortious interference with the testator's intent, fraud and unjust enrichment. In Marshall, the Supreme Court held that a claim alleging tortious interference of the testator's intent seeking *in personam* judgment was a widely recognized tort that does not involve the administration of an estate, the probate of a will, or any other purely probate matter. *See* Marshall, 547 U.S. at 312. However, these purported claims fail to state claims upon which relief can be granted as explained below.

### B. The insufficiency of Plaintiff's tort claims

In Ascroft v. Iqbal, the Supreme Court explained that to survive a Fed. R. Civ. P. 12(b)(6):

> [A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 557). Accordingly, when facing such a motion, courts must accept all non-conclusory allegations as true and determine whether the complaint "states a plausible claim for relief."

<u>Molinelli-Freytes v. Univ. of Puerto Rico</u>, 2010 WL 11545786, at *14-15 (D.P.R. 2010) (internal quotations omitted).

The *Complaint* includes a total of eleven (11) factual allegations, including Plaintiff's contention that Defendants' actions were fraudulent. (Docket No. 1 ¶¶ 11-21). Only the following two (2) factual allegations could be interpreted as supporting said conclusion:

> 17. Prior to the death of decedent Felix Alberto Lebrón Saldaña, the defendant half-siblings, on December 27, 2012 in just one of several other suspected transactions, purportedly purchased shares of corporations that owned valuable real estate from decedent and his wife, codefendant herein, for the amount of $53,900,000.00 which defendants never paid to decedent nor to his estate.
>
> 18. After the death of decedent Lebrón Saldaña, Plaintiff Felix Albert Lebrón Yero was summoned by his half-siblings the Lebrón-Roriguez's to inform him that the estate does not have any money and offering him monthly pittance for Plaintiff to resign to any rights in the estate as payment for his participation, and conditioning the monthly payment of this on his waiving al [sic] rights and interests in the aforementioned estate.

<u>Id.</u> ¶¶ 17-18. From these facts, Plaintiff alleges his claims of tortious interference, fraud and unjust enrichment. <u>Id.</u> at 6-7.

Plaintiff claims that "Defendants tortuously interfered with [the Decedent's] intent in his will." (Docket No. 1 at 7). However, Plaintiff does not allege specific facts nor provide any legal authority to support this claim. *See* L. CV. R. 7(a) ("All matters

submitted to the Court for consideration shall be presented by written motion filed with the clerk incorporating a memorandum of law, including citations and supporting authorities."). Furthermore, the Court has not found that a claim for tortious interference of a testator's intent exists under Puerto Rico law. Therefore, Plaintiff has failed to state a claim for tortious interference which can plausibly be granted.

Plaintiff also alleges that Defendants' acts "constitute fraud" and that they "jointly conspired to defraud Plaintiff of his rightful inheritance of one-sixth of his father's assets." (Docket No. 1 at 6-7). Fed. R. Civ. P. 6(b) requires that when a party alleges fraud, they must "state with particularity the circumstances constituting fraud or mistake." The First Circuit has maintained that pursuant to said particularity requirements, a claim of fraud must contain "specifics about the time, place, and content of the alleged false representations." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 358 (1st Cir. 2013) (quoting Juárez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 279–80 (1st Cir. 2013)). These requirements are missing from the *Complaint*. Furthermore, it is unclear how Plaintiff's refusal to resign his rights to the inheritance would constitute fraud. (Docket No. 1 ¶ 18). Thus, Plaintiff's fraud claims are conclusory and warrant dismissal.

Finally, it is well established in Puerto Rico law, "that the undue enrichment doctrine is not applicable where […] there is a legal precept (e.g., a binding agreement) that excludes the application of such doctrine." Puerto Rico Tel. Co. v. SprintCom, Inc., 662 F.3d 74, 97 (1st Cir. 2011). *See* Hatton v. Municipality of Ponce, 1994 P.R.-Eng. 909,605, 134 P.R. Dec. 1001, 1010 (1994) (noting that the requirements for the application of the unjust enrichment doctrine are as follows: "1) existence of enrichment; 2) a correlative loss; 3) nexus between loss and enrichment; 4) lack of cause for enrichment; and 5) **absence of a legal precept excluding application of enrichment without cause**") (emphasis added). In this case, the unjust enrichment doctrine is inapplicable because the inheritance rights of each party are governed by the Decedent's will or, if the will is found to be invalid, by the Puerto Rico Civil Code.

### IV.  CONCLUSION

Based on the foregoing, the claims in Counts I-III of the Complaint are dismissed for lack of subject-matter jurisdiction under the "probate exception." The claims in Count IV of the Complaint for tortious interference with the testator's intent, fraud and unjust enrichment are dismissed for failure to state a claim upon which relief can be granted. Plaintiff may very well have remedies for allegations made in the *Complaint*, but it is the Courts of the Commonwealth of Puerto Rico who must provide them.

Judgment of dismissal without prejudice shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 24th day of March 2020.

                                                S/ RAÚL M. ARIAS-MARXUACH
                                                United States District Judge